UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH CODDING, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No.: 07-1947 (RMC/AK) |
| ) | |
| v. ) | |
| ) | |
| ELI LILLY AND COMPANY, ) | |
| ) | |
| Defendant. ) | |

**CONSENT MOTION
FOR PLAINTIFFS TO AMEND THEIR COMPLAINT**

COME NOW Plaintiffs, through counsel, and with consent of Defendant Eli Lilly and Company ("Lilly"), and move to amend their complaint, and as grounds therefore state:

1. Plaintiff originally filed suit in the District Court for the District of Columbia on September 14, 2007.

2. By typographical error, Paragraph 3 of the complaint alleged that Plaintiff Judith Codding was exposed to the drug diethylstilbestrol ("DES") in Massachusetts. This statement is incorrect. Judith Codding's *in utero* DES exposure occurred in Virginia.

3. Plaintiffs seek to amend the Complaint so that Lilly and the Court have an accurate record of the claims in this suit.

WHEREFORE, for the above-stated reasons, and for good cause shown, Plaintiff respectfully requests this Court grant Plaintiff leave to file the Amended Complaint attached hereto as Appendix 1, and that the Amended Complaint be deemed filed as of the date of the Court's order.

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

    /s/    Aaron M. Levine
Aaron M. Levine, #7864
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040
aaronlevinelaw@aol.com

Counsel for Plaintiff

### LCvR 7.1(m) CERTIFICATION

On December 14, 2007, Plaintiffs' counsel, by telephone, requested consent from Lilly's counsel for this motion, and Lilly's counsel so consented.

/s/ Aaron M. Levine
AARON M. LEVINE, #7864

# APPENDIX 1

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDITH CODDING and <br> SARANDIS PAPADOPOULOS <br> 2617 N. Lexington Street <br> Arlington, VA 22207 <br> <br> **Plaintiffs,** <br> v. <br> <br> ELI LILLY AND COMPANY <br> Lilly Corporate Center <br> Indianapolis, IN  46285 <br> w/s/o NATIONAL REGISTERED AGENTS, INC. <br> 1090 Vermont Avenue, NW, #910 <br> Washington, DC  20005 <br> <br> **Defendant.** | ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] Civil Action No.  07-1947 (RMC/AK) <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] <br> ] |

**FIRST AMENDED COMPLAINT**
(DES Litigation – Products Liability, Punitive Damages)

1. Jurisdiction is founded upon 11 D.C. Code §921 (1981 ed.).

2. Defendant is engaged, or has been engaged, in the manufacturing, marketing, sale, promotion, and distribution of pharmaceuticals throughout the United States, and is doing business in the District of Columbia.  The Defendant met with and conspired with numerous pharmaceutical manufacturers in the District of Columbia, prior to obtaining governmental approval for Diethylstilbestrol ("DES").  Defendant spearheaded industry-wide conferences in the District of Columbia to seek approval of DES by Joint Submission, withholding from the Food and Drug Administration reports questioning the efficacy of DES and studies raising serious questions of safety.  These meetings, conferences and agreements occurred in the District of Columbia.

## COUNT I
### (Negligent Failure to Warn)

3.     On or about 1970 and 1971, during her pregnancy with Plaintiff Judith Codding, the mother of the Plaintiff herein bought and ingested DES in Virginia. Her physician prescribed said drug during the pregnancy. The drug was manufactured and sold by Defendant Eli Lilly and Company.

4.     It was the duty of the Defendant to adequately warn Plaintiff's mother and Plaintiff as to the risks of DES on to safety and efficacy at the time of the Plaintiff's *in utero* exposure to DES.

5.     Defendant negligently failed to adequately warn Plaintiff's mother and Plaintiff of DES risks as to safety and efficacy of DES.

6.     As a result of said negligence, Plaintiff was exposed *in utero* to DES, and she suffered injuries including, but not limited to, uterine and cervical malformations, with resulting infertility, incurred medical expenses for care and treatment, suffered physical and mental pain and was deprived of the family she desired.

## COUNT II
### (Negligent Failure to Test)

7.     All of the allegations contained in Count I are re-alleged and incorporated herein by reference.

8.     Defendant had a duty to fully and adequately test DES, as to its safety and efficacy, before seeking FDA approval and continuing to sell DES for use in accidents of pregnancy.

9.     Defendant negligently failed to test DES in any regard as to its safety and efficacy.

10.     As a result of Defendant's said negligence, Plaintiff was injured as aforesaid.

## COUNT III
### (Strict Liability)

11. All of the allegations contained in Count I and II are re-alleged and incorporated herein by reference.

12. DES is, and at all times relevant to this action was, an unreasonably dangerous and defective drug when used by pregnant women for its advertised and intended purpose as a preventative of miscarriage.

13. Defendant is engaged, or has been engaged, in the business of producing DES, and is, or has been, a commercial manufacturer of said drug.

14. Plaintiff's mother purchased and ingested DES during her pregnancy with Plaintiff, and received and ingested DES in the same form and condition as when it left Defendant's possession.

15. Said product was defective when placed on the market by Defendant. DES was sold by the Defendant without sufficient warning or instructions. A reasonable seller would not have sold the product had he/she known of the risks involved. The risks were greater than a reasonable buyer would expect.

16. Defendant knew, or should have known, that pregnant women and their attending physicians could not realize and could not detect the dangerous and harmful nature of DES. Clear warnings as to the doubtful efficacy of DES and dangers to unborn children should have been disseminated to overcome Defendant's extensive advertising campaigns proclaiming the safety and efficacy of DES.

17. As a result of Defendant's marketing and promotion of said defective and unreasonably dangerous drug, Plaintiff was exposed to DES as an unborn child and has suffered injury, loss, and damages as aforesaid.

18. By reason of having marketed and promoted DES in its defective and unreasonably dangerous condition, Defendant is strictly liable to Plaintiff for her DES-related injuries, losses, and damages.

## COUNT IV
### (Breach of Warranty)

19  All of the allegations contained in Counts I through III are re-alleged and incorporated herein by reference.

20. At all times relevant to this action, Defendant marketed and promoted DES accompanied by implied and express warranties and representations to physicians and their patients that the drug was efficacious as a miscarriage preventative, and was safe for pregnant women and their unborn children if used as directed for such purposes.

21. Defendant knew, or should have known, that pregnant women, including the mother of Plaintiff and her attending physicians, were relying on Defendant's skills and judgments, and the implied and express warranties and representations.

22. At all times relevant to this action, these implied and express warranties and representations were false, misleading, and unfounded. In fact, DES was a misbranded drug in violation of federal law, and was neither safe nor efficacious as a miscarriage preventative.

23. As a direct result of the breach of warranties by the Defendant, Plaintiff has been injured as aforesaid.

## COUNT V
### (Misrepresentation)

24. All of the allegations contained in Counts I through IV are re-alleged and incorporated herein by reference.

25. Defendant represented to pregnant women, including the mother of Plaintiff and her attending physicians, in promotion campaigns, advertisements, labeling, and literature that DES was

5

safe, effective, and adequately tested, which representations were made and publicized with the purpose and intent of having physicians and their patients rely on them.

26.    The mother of the Plaintiff and her attending physicians did, in fact, rely on Defendant's representations in his advice about purchase, use, and consumption of DES.

27.    At all times relevant to this action, these representations were known to Defendant to be false or they were made by Defendant in conscious, reckless and/or unreasonable disregard of facts available to Defendant, indicating a lack of efficacy and a danger to pregnant women and their unborn children.

28.    As a direct result of said false representations by Defendant, Plaintiff was injured as aforesaid.

## COUNT VI
**(Punitive Damages)**

29.    All of the allegations contained in Counts I through V are re-alleged and incorporated herein by reference.

30.    The acts of the Defendant were gross, wanton and intentional in that Defendant, at the time of Plaintiff's exposure, had actual and constructive notice that DES crossed the placental barrier and adversely affected and stunted the morphology and embryologic development of the exposed female fetus. Additionally, the Defendant knew or should have known that DES was ineffective, of no use and provided no benefit to the pregnant mother. Nonetheless, the Defendant knowingly and intentionally promoted DES for use in pregnancy as safe and effective to prevent the threat of miscarriage disregarding the published literature that warned of the risks and criticized its efficacy. The Defendant intentionally, maliciously and wantonly promoted DES for use in maintaining pregnancy as the most "effective" therapy to prevent miscarriage and even recommended its use prophylactively even where no symptoms or signs of a threatened miscarriage appeared. Additionally, the Defendant fraudulently deceived the Food and Drug Administration and the obstetrical profession

6

and Plaintiff by knowingly and intentionally withholding adverse literature and studies and submitting only favorable reports, which it knew originated in erroneous studies with incompetent investigators using poorly designed test methods.

## COUNT VII
### (Loss of Consortium – Sarandis Papadopoulos)

31.     All of the allegations contained in Counts I through VI are re-alleged and incorporated herein by reference.

32.     Plaintiff, Sarandis Papadopoulos, is the husband of Judith Codding.  As a result of the negligence, strict liability, breach of warranty, and misrepresentation of Defendant as aforesaid, Plaintiff Sarandis Papadopoulos has been deprived of the love, services and affection of his wife, Judith Codding.

**WHEREFORE**, Plaintiff Judith Codding demands judgment against Defendant in the sum of Two Million Dollars ($2,000,000.00), as compensatory damages and the sum of Two Million Dollars ($2,000,000.00) as punitive damages, plus costs.

**WHEREFORE,** Plaintiff Sarandis Papadopoulos, individually, demands judgment against Defendants Eli Lilly and Company, in the sum of One Million Dollars ($1,000,000.00), as compensatory damages and the sum of One Million Dollars ($1,000,000.00) as punitive damages, plus costs..

Respectfully submitted,

AARON M. LEVINE & ASSOCIATES

    /s/    Aaron M. Levine
Aaron M. Levine, #7864
Brandon J. Levine, #412130
Renee L. Robinson-Meyer, #455375
Steven J. Lewis, #472564
Benjamin J. Cooper #502149
1320 19th Street, N.W., Suite 500
Washington, D.C.  20036
(202) 833-8040
aaronlevinelaw@aol.com
**Counsel for Plaintiff**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all issues of material facts.

    /s/    Aaron M. Levine
Aaron M. Levine

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

JUDITH CODDING, et al., )
)
      Plaintiffs, )   Civil Action No.: 07-1947 (RMC/AK)
)
v. )
)
ELI LILLY AND COMPANY, )
)
      Defendant. )

### **(PROPOSED) ORDER**

UPON CONSIDERATION of the Consent Motion for Plaintiffs to Amend Their Complaint, noting the consent of both parties, and for good cause shown, on this ___ day of _____, 200___, Plaintiffs' motion is hereby GRANTED, and it is further

ORDERED that the First Amended Complaint attached to the Consent Motion as Appendix 1 be entered as Plaintiffs' First Amended Complaint as of the date of this Order.

_____
The Honorable Rosemary M. Collyer
United States District Judge